NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAN JOSE HEALTHCARE SYSTEM, LP, DBA Regional Medical Center of San Jose, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> STATIONARY ENGINEERS LOCAL 39 PENSION TRUST FUND, <br><br> Defendant-Appellant. | No.    22-16026 <br><br> D.C. No. 5:21-cv-09974-SVK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Susan G. Van Keulen, Magistrate Judge, Presiding

Argued and Submitted October 6, 2023
San Francisco, California

Before:  W. FLETCHER, TALLMAN, and LEE, Circuit Judges.

This appeal underscores the court's limited role in reviewing labor arbitration awards.  The district court vacated an arbitration award involving a contractual dispute between a hospital and a pension trust fund of a union representing certain employees at that hospital.  But because the arbitrator's interpretation of the contract

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

was plausible, we reverse and remand with an instruction to confirm the arbitration award.

San Jose Healthcare System, LP, d/b/a Regional Medical Center of San Jose (RMC) is an acute care hospital. Stationary Engineers Local 39 Pension Trust Fund (Pension Fund) is a pension trust fund of a non-party union representing engineers, technicians, and utility persons at RMC. Two contracts are implicated here: First, the union and RMC are parties to a collective bargaining agreement (CBA) that requires RMC to make hourly pension contributions for work covered by the CBA. Second, those contributions are made under a separate Trust Agreement between RMC and the Pension Fund.

At the conclusion of an arbitration arising under the Trust Agreement, the arbitrator found RMC liable for pension contributions for two RMC employees. RMC sought to vacate the arbitral award, arguing that the Pension Fund should have engaged in the CBA's grievance process to interpret the CBA provisions before the arbitrator issued his ruling under the Trust Agreement. Finding that the arbitrator exceeded his authority by interpreting the CBA in deciding contributions due under the Trust Agreement, the district court vacated the award.

We review a district court's vacatur of an arbitration award by "accepting findings of fact that are not clearly erroneous but deciding questions of law de novo." *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166

(9th Cir. 2019) (internal quotation marks and citation omitted). And in reviewing labor arbitration awards, courts "afford a 'nearly unparalleled degree of deference' to the arbitrator's decision." *Sw. Reg'l Council of Carpenters v. Drywall Dynamics, Inc.*, 823 F.3d 524, 530 (9th Cir. 2016). We merely look at "whether the arbitrator's solution can be rationally derived from some plausible theory of the general framework or intent of the agreement." *ASARCO LLC v. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union*, 910 F.3d 485, 491 (9th Cir. 2018) (internal quotation marks, footnote, and citation omitted).

The district court erred in vacating the arbitration award on the grounds that the arbitrator exceeded his authority by interpreting the CBA in violation of the Trust Agreement. RMC argues that the arbitrator was not empowered to construe the CBA because Article IX, § 9.04 of the Trust Agreement states that "[n]o matter in connection with the interpretation or enforcement of any Collective Bargaining Agreement shall be subject to arbitration." But by its plain text, Article IX is solely confined to instances of trustee deadlock, and thus this prohibition against interpreting the CBA arguably does not apply here.

RMC responds that the later revisions to other sections of the Trust Agreement suggest that § 9.04's prohibition against construing the CBA should not be limited to a trustee deadlock scenario. Perhaps RMC's reading of the Trust Agreement reflects the true intentions of the parties. But pursuant to our deferential review of

an arbitral award, we must uphold the arbitrator's ruling so long as it is plausible. *ASARCO LLC,* 910 F.3d at 491. And the arbitrator's interpretation based on the plain text of the Trust Agreement is certainly plausible. We thus hold that the arbitrator did not exceed his authority in interpreting the CBA.[1]

We also disagree with the district court's other bases for vacating the arbitral award. The district court reasoned that the Article IV amendments "did not state that the arbitrator was permitted to interpret the CBA." But nothing in Article IV prohibits the arbitrator from interpreting the CBA, either. The district court also held that its construction of Article IX is bolstered by Article 12, § 1 of the CBA, which prescribes the "sole method" for resolving "any dispute *between the parties* over the interpretation . . ." of the CBA. But the Pension Fund is not a party to the CBA. And Article IV, § 4.03 of the Trust Fund expressly confers upon the Board of Trustees the "authority . . . to demand and enforce the prompt payment of contributions to the Fund, including payments due to delinquencies . . . without being

---

[1] We also reject the argument that we should not give any deference to the arbitrator's interpretation of the Trust Agreement because the Award did not expressly mention Article IX. The record shows that RMC specifically relied on Article IX, § 9.04 in mounting its jurisdictional objection to the arbitrator's authority to hear the dispute. Thus, we can reasonably infer that the arbitrator interpreted Article IX and that his reading of it should be given deference. *See ASARCO*, 910 F.3d at 492 (citing *Drywall Dynamics*, 823 F.3d at 533) ("'[A]rbitrators have no obligation to give their reasons for an award at all,'" and a court may not "'infer the non-existence of a particular reason merely from the award's silence on a given issue.'").

4

limited or restricted by a[] grievance or arbitration procedure[] provided in the [CBA]."

In sum, we are "bound . . . to defer to the decision of" the arbitrator if his reasoning is plausible, even though we may believe "that the decision finds the facts and states the law erroneously." *Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173*, 886 F.2d 1200, 1204 (9th Cir. 1989) (en banc).[2]

**REVERSED** and **REMANDED** with instructions to confirm the award.

---

[2] Because we base our decision on the language of the Trust Agreement, we need not address the Pension Fund's argument based on *Schneider Moving & Storage Co. v. Robbins*, 466 U.S. 364 (1984).